UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| RANDALL PENDARVIS | NO.: 15-00145-BAJ-RLB |

## ORDER

**Whereas**, the United States gave notice to Randall Pendarvis ("Defendant") in the Indictment returned on October 15, 2015, that upon conviction of Counts One through Ten of the Indictment, the United States would seek to forfeit any and all property constituting, or derived from proceeds obtained, directly or indirectly, as a result of the said violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations; and

**Whereas**, the Indictment further provided that if any of the property or proceeds obtained directly or indirectly as a result of the offenses charged, due to any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence,
   b. has been transferred or sold to, or deposited with a third party,
   c. has been placed beyond the jurisdiction of the Court,
   d. has been substantially diminished in value, or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America would be entitled to a forfeiture money judgment and

would be allowed to forfeit substitute property pursuant to 21 U.S.C. § 853(p) in satisfaction of the forfeiture money judgment; and

**Whereas**, the Defendant entered into a Rule 11 Plea Agreement on February 12, 2016, and thereafter pled guilty to Count Two of the Indictment, charging distribution of a Schedule IV controlled substance, in violation of 21 U.S.C. § 841(a)(1), and he agreed to the forfeiture allegation; and

**Whereas,** in his Plea Agreement, the Defendant understood that, in accordance with the Notice of Forfeiture in the Indictment, the Court would order forfeiture of his interest in any property subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of conviction of the offense charged in Count One of the Indictment, and may enter a personal money judgment against him equal to the combined value of any proceeds and facilitating property related to his offense, such as vehicles, firearms, businesses, residences, containers, equipment or other property used to manufacture, transport, store, sell, or conceal any controlled substance; and

**Whereas**, the Defendant further waived all statutory and constitutional defenses to the forfeiture, including any claim that: the forfeiture constitutes an excessive fine or punishment, the Court failed to ensure at sentencing that the Defendant is aware of the forfeiture, the Court failed to incorporate the forfeiture in the judgment as required by Fed. R. Crim. P. 32.2(b)(4)(B), or the Court otherwise failed to inform the Defendant of, and determine that the Defendant understands, the applicable forfeiture prior to accepting the Defendant's plea; and

**Whereas**, the United States has filed a Motion for Entry of a Preliminary Order of Forfeiture which seeks a forfeiture money judgment against the Defendant in the amount of Four Thousand Dollars ($4,000.00), representing the value of the drugs this Defendant distributed in connection with the offense for which he has pled guilty; and

**Whereas**, based upon the Defendant's Plea Agreement, his guilty plea, and the summary of the Factual Basis read into the record at the time of re-arraignment, the United States has established that he distributed a Schedule IV controlled substance in violation of 21 U.S.C. § 841(a)(1); and

**Whereas**, during the time of the offense, the Defendant sold the drugs for $4,000.00:

**IT IS HEREBY ORDERED** that a Forfeiture Money Judgment against the Defendant, Randall Pendarvis, in favor of the United States, in the amount of Four Thousand Dollars ($4,000.00), is entered.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Crim. P. 32.2, this forfeiture money judgment shall become the Final Order of Forfeiture at the time of Defendant's sentencing and shall be made part of the sentence and included in the Judgment.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to enforce the Preliminary Order of Forfeiture and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS FURTHER ORDERED** that in accordance with the provisions of Fed. R. Crim. P. 32.2, the Government is permitted to undertake whatever discovery necessary to identify, locate, or dispose of the property in satisfaction of the forfeiture money judgment.

Baton Rouge, Louisiana, this 23rd day of March, 2016.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA